No. 23-3143                          September Term, 2023

1:22-cr-00096-CKK-1
1:22-cr-00096-CKK-10
1:22-cr-00096-CKK-8

Filed On: September 22, 2023

United States of America,

        Appellee

    v.

Lauren Handy,

        Appellant

------------------------------

Consolidated with 23-3146, 23-3147

        **BEFORE:**     Wilkins, Katsas*, and Walker, Circuit Judges

# O R D E R

        Upon consideration of the motion for release pending appeal, the response thereto, and the reply, it is

        **ORDERED** that the motion be denied. The court declines to exercise its authority under Federal Rule of Appellate Procedure 9(a)(3) because appellant has not shown that immediate relief before resolution of her expedited appeal is warranted.

### Per Curiam

                                           **FOR THE COURT:**
                                           Mark J. Langer, Clerk

                          BY:     /s/
                                    Tatiana Magruder
                                    Deputy Clerk

---

* A statement by Circuit Judge Katsas, concurring in this order, is attached.

KATSAS, *Circuit Judge*, concurring:

Lauren Handy was convicted of violating the Freedom of Access to Clinic Entrances Act by use of force. Handy has appealed an order that she be detained pending her sentencing. In this motion, she seeks release pending the disposition of that appeal. I vote to deny the motion for the reasons summarized below.

Defendants convicted of any "crime of violence" must normally be detained before sentencing. *See* 18 U.S.C. §§ 3142(f)(1), 3143(a)(2). For purposes of this rule, a "crime of violence" includes any "offense that has as an element . . . the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 3156(a)(4)(A). As relevant here, the offense of conviction covers whoever "by force" intentionally interferes with any person because she is obtaining or providing reproductive health services. *Id.* § 248(a)(1).

Handy contends that although a crime of violence requires the *intentional* use of force, *see Borden v. United States*, 141 S. Ct. 1817, 1830 (2021), the offense of conviction extends to the mere *reckless* use of force. But we must presume that criminal prohibitions reach only acts committed intentionally. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994). For example, the Supreme Court has inferred an intent requirement from a statute making it a crime to take property "by force." *Carter v. United States*, 530 U.S. 255, 261, 268 (2000). Likewise, we have inferred an intent requirement from the prohibition on taking the same property by "intimidation." *United States v. Carr*, 946 F.3d 598, 605 (D.C. Cir. 2020). For its force requirement, section 248(a)(1) does not specify a *mens rea* lesser than acting intentionally. Nor does the requirement of a specific intent to interfere with someone change this analysis: Decades ago, the Supreme Court made clear that specifying an intent requirement for one element of a criminal statute does not imply that other elements lack such a requirement. *See Morissette v. United States*, 342 U.S. 246, 270–73 (1952). And in any event, any negative implication would at most rule out a specific-intent requirement for the force element, as opposed to a lesser general-intent requirement. For these reasons, Handy is unlikely to succeed on her claim that the FACE Act permits convictions for the reckless use of force.

In deciding this motion, we have no occasion to consider whether the FACE Act's element of "force" sweeps more broadly than the "physical force" required for a crime of violence. That possibility arises because the common-law definition of "force" encompasses even the "slightest offensive touching," whereas the crime-of-violence definition of "physical force" requires "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133,

139–40 (2010). So, if FACE Act "force" tracks the broader common-law standard, then section 248(a)(1) is not a crime of violence. My vote to deny interim relief rests on Handy's failure to develop this argument, rather than on any assessment of whether it is likely to succeed.