# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## Case Nos. 23-3143, 23-3146, 23-3147, 23-3156, 23-3158

---

## UNITED STATES of AMERICA
### vs.
## LAUREN HANDY, et al.

---

Appeal from the United States District Court
for the District of Columbia
Case No. 1:22-cr-00096
*The Honorable Colleen Kollar-Kotelly, U.S. District Judge*

---

## REPLY BRIEF OF DEFENDANTS-APPELLANTS

Stephen M. Crampton
Martin A. Cannon (Application for Admission Pending)
THOMAS MORE SOCIETY
P.O. Box 4506
Tupelo, MS 38803
(662) 255-9439
scrampton@thomasmoresociety.org
mcannon@thomasmoresociety.org

Dennis E. Boyle, Esquire Boyle & Jasari
1050 Connecticut Ave, NW Suite 500
Washington, DC 20036
dboyle@boylejasari.com
Telephone: (202) 798-7600

*Counsel for Lauren Handy and Jean Marshall*

Howard J Walsh , III
3712 Cardiff Court
Chevy Chase, MD 20815
301-602-8721
Fax: 301-576-7900
Email: hwalshesq@gmail.com

*Counsel for William Goodman*

John C. Kiyonaga
JOHN C. KIYONAGA LAW OFFICE
600 Cameron Street
Alexandria, VA 22314
(703) 739-0009
Fax: (703) 549-2988
Email: jkiyonaga@earthlink.net

*Counsel for Herb Geraghty*

Christopher M. Davis
Davis & Davis
1350 Connecticut Ave., NW
Suite 202
Washington, DC 20036
Work  (202) 234-7300 Ext. 101
Cell    (202) 487-6980
Fax    (202) 830-0056
DavisLawDC.com

*Counsel for Jonathan Darnel*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................... 1

ARGUMENT ............................................................................ 4

   A.  The Government's argument misunderstands "intent." ..............5

   B.  The Government misreads *Borden* in multiple other ways. ........7

   C.  A post-*Borden* circuit split regarding "extreme recklessness" does not undermine Defendants' position..................................10

   D.  FACE "force" also does not require "targeting" another. ...........11

   E.  The Government inadvertently admits Defendants' "physical obstruction" convictions are not categorically violent. ...............13

CONCLUSION ....................................................................... 14

**Cases**

*Alvarado-Linares v. United States,*
    44 F.4th 1334 (11th Cir. 2022)........................................................8, 10

*Borden v. United States,*
    141 S. Ct. 1817 (2021) ...................................... 1, 2, 4, 6, 7, 9, 10, 12, 14

*Carter v. United States,*
    530 U.S. 255 (2000) .....................................................................5

*United States v. Bailey,*
    444 U.S. 394 (1980) ...................................................................5, 6

*United States v. Begay,*
    33 F.4th 1081 (9th Cir. 2022)........................................................2, 10

*United States v. Haldeman,*
    559 F.2d 31 (D.C. Cir. 1976)...............................................................6

*United States v. Harrison,*
    54 F.4th 884 (6th Cir. 2022).............................................................10

*United States v. Kepler,*
    74 F.4th 1292 (10th Cir. 2023)..............................................10, 11, 12

*United States v. Kleinbart,*
    27 F.3d 586 (D.C. Cir. 1994).............................................................5

*United States v. Lung'aho,*
    72 F.4th 845 (8th Cir. 2023)......................................................2, 11, 12

*United States v. Manley,*
    52 F.4th 143 (4th Cir. 2022)..........................................................7, 10

*United States v. Taylor*,
  142 S. Ct. 2015 (2022) .............................................. 3, 11, 12

*Voisine v. United States*,
  579 U.S. 686 (2016) ..................................................... 6, 9

**Statutes**

18 U.S.C. §248(a)(1).......................................................2

18 U.S.C. §248(b)(1).....................................................13

18 U.S.C. §248(b)(2).....................................................13

18 U.S.C. §924(e) ..........................................................1

18 U.S.C. §3142(f)(1)(A) ...............................................1

18 U.S.C. §3143(a)(1).................................................4, 14

18 U.S.C. §3143(a)(2).................................................1, 4

18 U.S.C. §3156(a)(4)....................................................1

**Treatises**

Restatement (Second) of Torts § 500, Comment *f*, at 590 ........................9

# INTRODUCTION

The Government's Opposition Brief bafflingly insists that the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021) "did not . . . introduce a new specific-intent requirement for crimes of violence," and thus that a FACE "force" violation is still a crime of violence even though it can involve only a specific intent of "interfer[ing] with"—as opposed to "injur[ing]" or "intimidat[ing]"—another. (Govt.Br.20.) This misreading of *Borden* is fatal to the Government's position.

The *Borden* plurality's entire point was that the phrase "against . . . another" in ACCA's[1] "force clause" (materially identical to the Bail Reform Act's force clause at issue here)[2] "*incorporat[es] a mens rea requirement*" in addition to the required *volitional* use of underlying force. *Borden*, 141 S. Ct. at 1827 (plurality) (emphasis added); *id.* at 1833 (Kavanaugh, J., dissenting) (disagreeing with the Court's adoption of a "new and unusual *mens rea* requirement" based on "the phrase 'against the person of another'").

---

[1] The Armed Career Criminal Act, 18 U.S.C. §924(e).
[2] 18 U.S.C. §3156(a)(4), as incorporated by 18 U.S.C. §3142(f)(1)(A), and in turn by 18 U.S.C. §3143(a)(2), requiring pre-sentence detention upon conviction for a "crime of violence."

It is no answer that *Borden*'s plurality adopted a standard requiring that one "target" or "direct" one's force at another. *Borden*, 141 S. Ct. at 1825. Indeed, by "intent" Defendants mean purpose *or knowledge* (i.e., acting with "aware[ness] that [a] result is practically certain to follow from [one's] conduct"). *Borden*, 141 S. Ct. at 1823 (plurality). It is not possible to *target* one's willful violent force[3] at another and not at least *know* that harm is practically certain to result. In other words, "targeting" and intent-to-harm are logically two sides of the same coin in *Borden*.

Even if no court has (yet) explained *Borden*'s standard in quite this detail, it is a useful prism for seeing why FACE's express specific intent requirement (authorizing conviction for intent to "injure," "intimidate," "*or* interfere with" another) inherently fails *Borden*'s test. 18 U.S.C. §248(a)(1) (emphasis added).[4] It also squares with the Eighth Circuit's decision in *United States v. Lung'aho*, 72 F.4th 845 (8th Cir. 2023), and Judge Ikuta's dissent in *United States v. Begay*, 33 F.4th 1081, 1103 (9th Cir. 2022) (Ikuta, J., dissenting), explaining that crimes

_____

[3] The Government agrees the level of force must be violent, not a mere offensive touching. (Govt.Br.16, n.4.)

[4] The Government does not dispute that FACE does not require intent to harm.

hinging on *extreme recklessness* or *malice* short of intent to harm are not crimes of violence.

Even assuming, arguendo, that *Borden*'s "targeting" standard does not require intent to harm (which, as the Government indicates, some courts have held as part of a post-*Borden* circuit split on whether extreme recklessness or malice is a crime of violence, *see infra*), the Government's position still fails. That's because force with intent to "interfere with" another under FACE merely requires employing an act of force with that specific subjective intent, regardless of whether one actually aims the force at another. As the Supreme Court recently explained in a similar context, "[a]n intention is just that, no more." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). In other words, a FACE "force" offense is complete upon engaging in the actus reus of force with the requisite subjective intent to interfere, absent proof of targeting.

That's not just Defendants' opinion. The Government tellingly ignores Defendants' citations to cases holding or noting that FACE (or a statute with materially similar language) reaches even acts committed in reckless disregard for others' safety (consistent with the statutory

text), and thus absent proof of harmful intent or targeting under *Borden*.

Thus, because a FACE "force" offense can occur where another person is "the mere recipient of force," *Borden*, 141 S. Ct. at 1825, it is not a crime of violence.

The Government's additional argument that Defendants' "physical obstruction" offenses are also crimes of violence (Govt.Br.16-17) *admits* Defendants could have been convicted for "nonviolent physical obstruction," thereby inadvertently conceding that these are not in fact crimes of violence.

Accordingly, Defendants are still being wrongfully detained under 18 U.S.C. §3143(a)(2), and the Government does not dispute that if Defendants are correct, they should be released under the more lenient terms of 18 U.S.C. §3143(a)(1) pending sentencing.

## ARGUMENT

The parties agree that *Borden* controls; they disagree as to what *Borden* actually holds. Defendants should prevail under either view.

## A. The Government's argument misunderstands "intent."

The Supreme Court has recognized that the "venerable distinction" between specific and general intent "has been the source of a good deal of confusion." *United States v. Bailey*, 444 U.S. 394, 403 (1980). Thus the "ambiguous and elastic term 'intent'" has generally been "replaced with a hierarchy of culpable states of mind," i.e., "purpose, knowledge, recklessness, and negligence." *Id.* at 404.

Still, this Court has explained that a "general intent crime requires the knowing commission of an act that the law makes a crime," whereas "[a] specific intent crime requires additional bad purpose." *United States v. Kleinbart*, 27 F.3d 586, 592 (D.C. Cir. 1994) (internal quotes omitted); *accord Carter v. United States*, 530 U.S. 255, 269-70 (2000) ("general intent" is "knowledge with respect to the *actus reus* of the crime," such as "the acts of using force and taking money," distinct from any "specific intent requirement," such as taking money with "intent to steal").

The Government's argument misunderstands these distinctions by failing to acknowledge that *Borden* requires not only that one intentionally engage in an act of force, but also that one have an

*additional* "*mens rea*" (i.e., purpose or knowledge) of harming another. Indeed, *Borden* is clear that the underlying act of force must be "volitional," *Borden*, 141 S. Ct. at 1825 (plurality), and volitional *means* intentional, as this Court has previously recognized, *United States v. Haldeman*, 559 F.2d 31, 113 (D.C. Cir. 1976). But the Supreme Court has also held that volitional force absent an "against another" requirement includes reckless force. *Voisine v. United States*, 579 U.S. 686 (2016). Thus, *Borden*'s holding that reckless force is *not* a crime of violence where force must be "against another"—because that phrase "incorporates a *mens rea* requirement"—necessarily means that "crime of violence" (so defined) involves two different levels of intent (which Defendants classify as "general" and "specific" intent).[5]

In short, the Government's argument that *Borden* doesn't require intent to harm overlooks that an additional purposeful-or-knowing requirement means the same thing. And indeed, *Borden*'s holding requires purpose or knowledge of causing harm given that reckless force

---

[5] Defendants' argument holds regardless of these labels. *Cf. Bailey*, 444 U.S. at 405 ("'purpose' corresponds loosely with the common-law concept of specific intent, while 'knowledge' corresponds loosely with the concept of general intent"). Their point is simply that *Borden* logically requires both volitional/intentional force *and* purpose or knowledge (i.e., intent) of causing harm.

(which *Borden* excised from the "crime of violence" category) is characterized by its *lack* of purposeful or knowing infliction of "harm" or "injury." *See Borden*, 593 U.S. at 1824 (plurality); *see also id.* at 1823 (stating its holding turns on "how different mental states map onto the [] demand that an offense entail" force "against the person of another"); *see also United States v. Manley*, 52 F.4th 143, 150 (4th Cir. 2022) (under *Borden* a crime of violence "demands that the perpetrator direct his action at, or target, another individual," and *Borden* "hold[s] that conduct that is 'purposeful' or 'knowing' fits [the] *mens rea* requirement, whereas conduct that is 'reckless' or 'negligent' does not").[6]

## B. The Government misreads *Borden* in multiple other ways.

The Government also argues that Defendants quote *Borden* "out of context" in pointing to the plurality's recognition that a crime of violence requires "a deliberate choice of wreaking harm on another." (Govt.Br.19 (quoting *Borden*, 141 S. Ct. at 1830)). The Government says this language is merely an "illustration" of "purposeful or knowing (as

---

[6] None of the D.C. Circuit cases the Government cites (Govt.Br.20) meaningfully discusses *Borden* or this issue at all.

opposed to reckless) conduct," but not a requirement. (*Id.* at 20.) The Government is mistaken.

*Borden*'s "wreaking harm" statement comes from the plurality's confirmation that crimes of violence are limited to a "narrow category of violent, active crimes," and "*those crimes*" (i.e., *all of them*) require "*not only* a substantial degree of force," "*but also* a purposeful or knowing mental state—a deliberate choice of wreaking harm on another." *Borden*, 141 S. Ct. at 1830 (emphasis added). It is thus unsurprising that at least one Circuit Court of Appeals has pinpointed this exact sentence as the critical takeaway from *Borden*. *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1344 (11th Cir. 2022).

The Government also implies that *Borden* is not about recklessness with respect to *the consequences* of one's actions, by asserting that *Borden* requires only "purposeful and knowing *actions*" and insisting that Justice Kavanaugh's dissent to the contrary (stating that the dispute is about *mens rea* "with respect to the harmful consequences") is irrelevant. (Govt.Br.21.) Again, the Government is gravely mistaken.

In *Voisine*, the Supreme Court observed that crime-of-violence *mens rea* is about one's "state of mind *respecting that act's consequences*." 579 U.S. at 691 (emphasis added); *id. at* 683 (querying whether "the actor has the mental state of intention, knowledge, or recklessness *with respect to the harmful consequences* of his volitional conduct" (emphasis added)). Thus in *Borden*, the plurality observed that it would *not* be a crime of violence for a person to *intentionally* drive through a red light because he is late to work but then "hit[] a pedestrian whom he did not see." *Borden*, 141 S. Ct. at 1827; *see also* Restatement (Second) of Torts § 500, Comment *f*, at 590 ("While an *act* to be reckless must be intended by the actor, the actor *does not intend to cause the harm* which results from it.") (Emphasis added.)

Applied here, FACE "force" would include running at full speed into an abortion facility's open doorway in order to subsequently block the entryway, but then hitting a clinic worker whom the runner did not see.

The Government also asserts that Justice Thomas's concurrence is fatal to Defendants' position because he believes any "use of force" (which would allegedly include FACE "force") inherently involves a

design to harm another. (Govt.Br.21.) But that argument proves too much, because FACE expressly applies even to "force" *not designed to cause harm*, but merely to "interfere with" another. Regardless, the Government itself acknowledges that courts have "uniformly" agreed Justice Thomas's concurrence is not authoritative because the plurality's reasoning is narrower, and thus controlling. (Govt.Br.19, n.5.)

### C. A post-*Borden* circuit split regarding "extreme recklessness" does not undermine Defendants' position.

In *Borden*, the Supreme Court expressly did not decide whether offenses involving a "depraved heart" or "extreme recklessness" (including "malice") are crimes of violence. *Borden*, 141 S. Ct. at 1825 n.4 (plurality). Since then, the Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits have held that they are. *See Manley*, 52 F.4th at 150-51; *United States v. Harrison*, 54 F.4th 884, 890 (6th Cir. 2022); *Begay*, 33 F.4th at 1093-95; *United States v. Kepler*, 74 F.4th 1292, 1304 (10th Cir. 2023); and *Alvarado-Linares*, 44 F.4th at 1344. But the Eighth Circuit and Ninth Circuit Judge Ikuta (joined by two other Ninth Circuit Judges) have concluded that they are not. *See Lung'aho*, 72

F.4th 845, 850-51 (8th Cir. 2023); *Begay*, 33 F.4th at 1103 (Ikuta, J., dissenting).

The Eighth Circuit and Judge Ikuta have the better of it. As Judge Stras explained for the Eighth Circuit, while malice involves disregarding an extremely high risk of harm, "[a] conscious decision to ignore a risk of harm *is different from intending it*," and also does not require one to "consciously direct" his actions toward a specific person or property. *Lung'aho*, 72 F.4th at 850 (emphasis added). Defendants suggest that this reasoning is superior, because extreme recklessness still hinges on "conscious disregard" for others, and using force "*directly*" against another inherently involves "knowledge" of impending "injury." *Id.* at 849 (emphasis in original).

### D. FACE "force" also does not require "targeting" another.

Even under post-*Borden* decisions finding extreme recklessness to be sufficiently "targeted" at another absent intent to harm, *e.g.*, *Kepler*, 74 F.4th at 1304—a view the Government promotes (Govt.Br.20)—FACE's specific intent requirement does not require such targeting.

This conclusion follows from the Supreme Court's recent decision in *Taylor*, holding that attempted Hobbs Act robbery is not a crime of

violence because the Government need show only "*an intention* to take property by force or threat, along with a substantial step toward achieving that object." 142 S. Ct. at 2020 (emphasis added). The Supreme Court explained that "an intention is just that, no more," and "there will be cases . . . where the actor does not actually harm anyone or even threaten harm." *Id.*

So too under FACE. While the Government agrees a FACE "force" violation requires one to use substantial force, he or she must do so only with an *intention* of interfering with another, and with the requisite motive. (*See* Op.Br.17-19.) But like attempted Hobbs Act robbery, an "intent" to "interfere with" another regarding abortion "is just that, no more." Unlike depraved-heart murder, which requires one "to [actually] create a substantial risk of death or serious injury for another," *Kepler*, 74 F.4th at 1305, FACE "force" merely requires an internal intent of "interfer[ing] with" another along with the requisite internal motive. In other words, it does not require "a deliberate choice of wreaking harm on another," *Borden*, 141 S. Ct. at 1830, even if extreme recklessness does.

Indeed, Defendants have already cited several cases recognizing as much, insofar as they held or noted that FACE applies even to actions "in reckless disregard of plaintiffs' rights." (Op.Br.20-21.) As mentioned, the Government has chosen to entirely ignore those cases. Their silence says it all.

Accordingly, a misdemeanor FACE "force" violation is not a crime of violence under any interpretation of *Borden*.

### E.    The Government inadvertently admits Defendants' "physical obstruction" convictions are not categorically violent.

The Government also insists that any conviction for "physical obstruction" under 18 U.S.C. §248(b)(1)—in contrast to convictions for "*exclusively* [] nonviolent physical obstruction" under §248(b)(2) (emphasis added)—are necessarily violent, but its reasoning fatally undercuts its own position.

The Government *admits* one can be prosecuted under §248(b)(1) for "engag[ing] in nonviolent physical obstruction and accompany[ing] it with force or threat of force" (Govt.Br.22) (emphasis added), as Defendants argue. (Op.Br.24-26.) But that admission assumes the accompanying "force" or "threat-of-force" offense is what renders the

conviction a crime of violence—a notion Defendants have already dispelled. Thus the Government's argument here inadvertently admits that a conviction for "nonviolent physical obstruction" under subsection (b)(1) is not necessarily a crime of violence.

The Government alternatively insists that one can be convicted under subsection (b)(1) for "violent physical obstruction." But the categorical approach requires determining whether "the *least* serious conduct [] cover[ed] falls within the [force] clause." *Borden*, 141 S. Ct. at 1832 (emphasis in original). And, as noted, the Government has already correctly admitted that subsection (b)(1) can apply to "nonviolent physical obstruction" committed along with an act of "force."

Accordingly, the Government's argument confirms that Defendants' "physical obstruction" convictions are also not crimes of violence.

## CONCLUSION

Because Defendants' misdemeanor FACE convictions are not crimes of violence, they should be released under 18 U.S.C. §3143(a)(1). Accordingly, this Court should reverse the District Court's detention orders and order Defendants released pending sentencing.

Respectfully submitted,

Stephen M. Crampton
Martin A. Cannon (Application for Admission Pending)
THOMAS MORE SOCIETY
P.O. Box 4506
Tupelo, MS 38803
(662) 255-9439
scrampton@thomasmoresociety.org
mcannon@thomasmoresociety.org

/s/_____
Dennis E. Boyle, Esquire Boyle & Jasari
1050 Connecticut Ave, NW Suite 500
Washington, DC 20036
dboyle@boylejasari.com
Telephone: (202) 798-7600

*Counsel for Lauren Handy and Jean Marshall*

/s/_____
Howard J Walsh , III
3712 Cardiff Court
Chevy Chase, MD 20815
301-602-8721
Fax: 301-576-7900
Email: hwalshesq@gmail.com

*Counsel for William Goodman*

15

/s/_____
John C. Kiyonaga
JOHN C. KIYONAGA LAW OFFICE
600 Cameron Street
Alexandria, VA 22314
(703) 739-0009
Fax: (703) 549-2988
Email: jkiyonaga@earthlink.net

*Counsel for Herb Geraghty*

/s/_____
Christopher M. Davis
Davis & Davis
1350 Connecticut Ave., NW
Suite 202
Washington, DC 20036
Work  (202) 234-7300 Ext. 101
Cell    (202) 487-6980
Fax    (202) 830-0056
DavisLawDC.com

*Counsel for Jonathan Darnel*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g) and this Court's Rule 32(e), I hereby certify that this memorandum complies with the applicable type volume limitations. This memorandum was prepared using a proportionally spaced type (Century Schoolbook, 14 point). Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f) and this Court's Rule 32(e)(1), this brief contains **2,578** words. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word 2010) used to prepare this memorandum.

/s/*Stephen M. Crampton*
Stephen M. Crampton